1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | **COMPLAINT** |
| v. | JURY TRIAL DEMAND |
| RED ROBIN INTERNATIONAL, INC. | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (female) and retaliation to provide appropriate relief to Charging Party Jessica Bello ("Bello") and a class of similarly aggrieved female employees who were adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Red Robin International, Inc. ("Defendant"): (1) subjected Bello and a class of similarly aggrieved female employees to unlawful harassment and a hostile work environment because of sex

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

(female); (2) unlawfully retaliated against Bello and a class of similarly aggrieved female employees for complaining or objecting to the harassment; (3) constructively discharged Bello; and (4) violated the record keeping requirements of Section 709(c) of Title VII and 29 C.F.R. § 1602.  Plaintiff seeks injunctive relief and monetary relief on behalf of Bello and a class of similarly aggrieved female employees, including pecuniary damages, nonpecuniary compensatory damages, punitive damages, back pay, and prejudgment interest.

JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 709(c) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), 2000e-8(c) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Washington.

PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and Section 709(c) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (f)(3), 2000e-8(c), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.      Defendant Red Robin operates a chain of casual dining restaurants with approximately 440 locations and over 21,000 employees throughout the United States.

5.      At all relevant times, Defendant has been a corporation continuously doing business in the State of Washington and continuously employing at least fifteen (15) employees.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

6.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty (30) days prior to the institution of this lawsuit, Charging Party Jessica Bello filed EEOC Charge 551-2021-01852 alleging violations of Title VII by Defendant.

8.      On June 13, 2022, the Commission issued a Letter of Determination to Defendant finding reasonable cause to believe Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

9.      Through communications, the Commission provided Defendant opportunities to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On August 18, 2022, the Commission issued a Notice of Failure of Conciliation as to the above-referenced charge advising that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     Since August 2020, Defendant has engaged in unlawful employment practices because of sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) at its facility in Everett, Washington, by: (1) subjecting Bello and other similarly aggrieved female employees to a hostile work environment based on their sex (female); (2) subjecting Bello and other similarly aggrieved female employees to unlawful retaliation for complaining or objecting to harassment; and (3) constructively discharging Bello.

EEOC v. Red Robin International, Inc.
COMPLAINT
Page 3 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

14.    The practices complained of in paragraph 13 include but are not limited to the following:

a.    Defendant allowed a 45-year-old male Line Cook assigned to the Everett, Washington restaurant to subject Bello and other similarly aggrieved female employees to unwelcome verbal and physical sexual conduct repeatedly.

b.    The Line Cook began subjecting female employees to sexual harassment, including making unwanted remarks about their bodies, leering, and touching women without their consent shortly after he was hired in or around August 2020. His daily sexual comments included but are not limited to: "nice ass," "your butt looks nice in those jeans," "you should bend over further, so I can see your chest better," as well as calling other female employees his "mistress" and "ex-wife." The Line Cook frequently made these unwanted sexual comments in front of other employees, including servers, cooks, and management. The Line Cook would also routinely grab female employees' waists as they were doing their jobs.

c.    Starting in or around late August 2020, the Line Cook escalated his behavior with a female Server by touching her shoulder, pretending to run into her accidentally, and brushing her hip. The Line Cook also looked her up and down, made comments about her breasts, asked "what kind of tattoos do you have where I can't see them" and "I'd like to see those sometimes," and asked for her phone number. Once, he offered to make her some food if she went to the dumpster with him, which she interpreted as a sexual overture because the dumpster was in an isolated location behind the restaurant shielded from view. On or about September 2020, the Line Cook followed her into a storage closet at the back of the restaurant and put his hand on her butt.

d.    Starting in or around September 2020 until in or around January 2021, the Line Cook also repeatedly called an 18-year-old female Cook who just graduated from

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

high school "my future ex-wife."  He also made comments to her about other female coworkers' bodies, such as "nice ass," every shift that she worked with him.  When she objected to his comments, he would call her "b*tch" and retaliated by ignoring her food requests, which impeded her ability to get orders out or forced her to redo work because orders got cold waiting for items the Line Cook was responsible for.

e.    Starting in or around September 2020, the Line Cook harassed a second female Server by frequently calling her his "work wife," and regularly commenting on her appearance.  These comments included, but were not limited to, inappropriate remarks about her buttocks.  The Line Cook asked her to go with him into a small closet that staff used as a lunchroom where he gave her two dragon figurines and she was afraid that he would touch her.  On October 31, 2020, she wore furry cat ears at work for Halloween and the Line Cook said, "You can't wear those around me, it's a fantasy of mine.  When I see a young girl with furry ears it's so sexy, it turns me on."  The Line Cook escalated the harassment on or about January 2021, when he smacked her butt.  After she told him that his conduct was unwelcome, the Line Cook retaliated impeding her work by ignoring her requests for food orders and sauces, which significantly impacted her customer service and tips.

f.    Bello transferred as a Server to the Everett location on or about December 28, 2020.  Shortly after Bello was transferred, the male Line Cook subjected her to unwelcome sexual comments multiple times throughout each work shift, including, but not limited to, calling her "sexy Jess," remarking about the sex he was having, questioning Bello on her favorite sexual positions, and suggesting a threesome with Bello.  The Line Cook continued his harassment even after Bello directly told him that he should not be making such comments and asked him to stop.  The Line Cook escalated his behavior by repeatedly untying Bello's apron

EEOC v. Red Robin International, Inc.
COMPLAINT
Page 5 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

1    as he walked behind her.  At least once, the Line Cook ran his hand down her

2    back and untied her apron.

3    15.    Defendant had constructive and actual notice of the offensive and unwelcome

4    sexual conduct by the Line Cook towards Bello and similarly aggrieved female employees and

5    failed to take prompt or effective corrective action to stop his harassment:

6    a.    Since at least September 2020, Defendant was aware of the Line Cook's

7    harassment of female employees.  A female Server complained to the General

8    Manager in or around September 2020 that the Line Cook had followed her into a

9    storage closet at the back of the restaurant and put his hand on her butt.  The

10    General Manager promised to look into the matter but did not take any notes

11    during their discussion and did not take any corrective action in response.  The

12    female Server followed up a few weeks later because the harassment continued,

13    and the General Manager told her to get back to work.

14    b.    Shortly thereafter, the same Server complained to a different manager both about

15    the inappropriate touching by the Line Cook and that she complained to the

16    General Manager several times, but that the General Manager did not take any

17    corrective action.  This manager, who was formerly a Cook, had observed the

18    Line Cook's inappropriate behavior towards female employees and told him at

19    that time to stop or leave the work area.  The manager promised to report the

20    Server's complaints to the General Manager's supervisor, but the Line Cook's

21    harassment continued.

22    c.    In November 2020, the same Server complained to the General Manager about

23    ongoing harassment by the Line Cook of another female employee, including

24    unwanted physical touching.  The General Manager responded that she could do

25    nothing unless those individuals complained directly.  The next day, the Server

    was written up by the General Manager for tardiness.  When confronted about

EEOC v. Red Robin International, Inc.
COMPLAINT
Page 6 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

whether the write up was in retaliation for reporting sexual harassment, the General Manager responded, "You're in no position to tell me whether I'm doing my job.  You should get back on the floor if you want to keep your job."  The Server was terminated without notice on or about January 3, 2021.

d.    In or about January 2021, Bello complained to a Shift Supervisor that the Line Cook had run his hand down her back and untied her apron, that his physical touching was unwelcome and that he frequently made unwanted sexual comments towards her.  The Shift Supervisor replied that she could do nothing because the Line Cook would not listen to her.

e.    On or about February 2021, Bello complained about the Line Cook's behavior to the Associate Manager, who replied, "I don't know what you want me to do about that," and continued with her task at hand.

f.    The next day, Bello complained to the General Manager, who told her to ignore the Line Cook and to be more understanding because he "just got out of jail" and it was "just the type of person he was."  Bello requested that her shift be changed so that she would not have to work with the Line Cook and was told by the General Manager that could not be done.

g.    Once, an Associate Manager overheard the Line Cook calling Bello his "mistress."  In response, the Associate Manager told the Line Cook that he needed to lower his voice so that customers could not hear him.

h.    On or about February 2021, Bello complained to the Assistant General Manager that the Line Cook was continuing to discuss having sex.  The Assistant General Manager took the Line Cook aside and he stopped talking about sex for the rest of the night, but he resumed talking about sex in the following days and weeks.

i.    In early March 2021, Bello complained again to all four managers—the Shift Manager, Associate Manager, General Manager, and Assistant General

EEOC v. Red Robin International, Inc.
COMPLAINT
Page 7 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

1   Manager—that the Line Cook had made comments about her and another Server

2   being is ex-wife and mistress and how he could have them both sexually.  Upon

3   information and belief, the Line Cook did not face any corrective action. And the

4   sexually harassing behavior continued.

5   j.   On or about March 10, 2021, the Line Cook met with the Shift Manager in the

6   office.  After that meeting, the Line Cook told other kitchen staff "these dumb

7   broads don't know how to take a joke."  The Line Cook retaliated against Bello

8   by calling her "b*tch," yelling "she can lick my nuts," and hindering her ability to

9   perform her job duties by yelling "f*ck your fry fill" and "I'll rub those fries on

10  my nuts first, then you can have them."  Bello complained about this behavior to

11  Associate Manager, who once again responded, "What do you want me to do

12  about it?"

13  k.   On or about March 23, 2021, Bello again went to the General Manager about the

14  Line Cook's recent behavior.  The General Manager suggested that it was

15  retaliation against Bello and said that she wanted to continue handling the

16  situation internally.  Bello insisted that the General Manager submit a Service

17  Now ticket and report her complaint up the chain. Bello asked again to switch

18  shifts but was told by the General Manager that was not possible.

19  l.   On March 24, 2021, Bello made an anonymous complaint to the Ethics Hotline

20  because she was concerned that the General Manager wanted to continue handling

21  the situation internally.  Later that same day, Bello gave two weeks' notice to the

22  General Manager and explained that she did not feel safe working in this

23  environment because the company would not change her shift to protect her.

24  m.  In late March and early April 2021, Defendant's Human Resources department

25  conducted an internal investigation in which it concluded that the Line Cook used

    inappropriate and obscene language in the restaurant and recommended

EEOC v. Red Robin International, Inc.
COMPLAINT
Page 8 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

termination. The General Manager instead issued a final written warning that did not mention sexual harassment.

16.    Defendant's failure to take prompt or effective corrective action in response to the sexual harassment complaints of Bello and other similarly aggrieved female employees made the working conditions for Bello so intolerable that she was forced to resign on or around late March 2021.

17.    The effect of Defendant's practices complained of in Paragraphs 13–16 above has been to deprive Bello and other similarly aggrieved female employees of equal employment opportunities because of their sex.

18.    The unlawful employment practices complained of in Paragraphs 13–16 above were intentional.

19.    The unlawful employment practices complained of in Paragraphs 13–16 above were done with malice or with reckless indifference to the federally protected rights of Bello and other similarly aggrieved female employees.

20.    Since at least January 2021, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed by failing to properly maintain its schedules, complaints of harassment, and personnel files.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate based on sex, female, including sexual harassment or retaliate for opposing discrimination, including sexual harassment.

**EEOC v. Red Robin International, Inc.**
**COMPLAINT**
Page 9 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make Bello whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and/or other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices described in Paragraphs 13-17 above.

D.      Order Defendant to make Bello and similarly aggrieved female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 13-17 above, as appropriate, including past and future out-of-pocket expenses, in amounts to be determined at trial.

E.      Order Defendant to make Bello and similarly aggrieved female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 13-17 above, including without limitation compensation for emotional pain, suffering, and loss of enjoyment of life, in amounts to be determined at trial.

F.      Order Defendant to pay Bello and those similarly aggrieved female employees punitive damages for its malicious and reckless conduct described in Paragraphs 13-17 above, in amounts to be determined at trial.

G.      Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EEOC v. Red Robin International, Inc.
**COMPLAINT**
Page 10 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

1

2       DATED this 28th day of September 2022

3

4       BY:  *s/ Roberta L. Steele*                    GWENDOLYN YOUNG REAMS
                                                        Acting General Counsel
5       Roberta L. Steele
        Regional Attorney                               CHRISTOPHER LAGE
6       EQUAL EMPLOYMENT                                Deputy General Counsel
        OPPORTUNITY COMMISSION
7       San Francisco District Office                   Office of the General Counsel
        450 Golden Gate Ave, 5th Floor West             131 "M" Street NE
8       P.O. Box 36025                                  Washington, D.C. 20507
        San Francisco, CA 94102
9       (650) 684-0939
        roberta.steele@eeoc.gov
10

11      BY:  *s/ Damien A. Lee*
        DAMIEN A. LEE
12      Supervisory Trial Attorney
        EQUAL EMPLOYMENT
13      OPPORTUNITY COMMISSION
        Seattle Field Office
14      909 First Avenue, Suite 400
        Seattle, WA  98104-1061
15      (206) 576-3038
        damien.lee@eeoc.gov
16

17

18      BY:  *s/ May Che*
        MAY CHE
19      Senior Trial Attorney
        Seattle Field Office
20      909 First Avenue, Suite 400
        Seattle, WA  98104-1061
21      (206) 576-3011
        may.che@eeoc.gov
22

23      BY:  *s/ Mariko Ashley*
        MARIKO ASHLEY
24      Trial Attorney
        San Francisco District Office
25      450 Golden Gate Ave, 5th Floor West
        P.O. Box 36025

**EEOC v. Red Robin International, Inc.**
**COMPLAINT**
Page 11 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882

San Francisco, CA 94102
(415) 218-3642
mariko.ashley@eeoc.gov

Attorneys for Plaintiff EEOC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911
TDD (206) 220-6882

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

DATED this 28th day of September 2022

<u>/s/ Rebecca Eaton</u>
REBECCA EATON
Paralegal Specialist
EEOC Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104-1061
Telephone: 206-576-3028
Email: rebecca.eaton@eeoc.gov

**EEOC v. Red Robin International, Inc.**
**COMPLAINT**
Page 13 of 13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911
TDD (206) 220-6882