THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

   v.

RED ROBIN INTERNATIONAL, INC.,

                Defendant.

No. 2:22-cv-01378

STIPULATED
PROTECTIVE ORDER

1.    <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discover; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

///

///

STIPULATED PROTECTIVE ORDER - 1
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following information, documents and tangible things produced or otherwise exchanged: (1) personal identifying information including social security numbers, birth dates, driver's licenses, passports, personal addresses, personal phone numbers, and personal e-mail addresses; (2) income tax documents, bank account information, background check documents, medical information or personal health records of Defendant's employees, including but not limited to Charging Party and class members; (3) information prohibited from disclosure by statute or regulation; and (4) trade secrets and commercial information that provide a competitive advantage to a non-party.

Medical information shall be designated "CONFIDENTIAL – FOR ATTORNEY EYES ONLY". Information, documents, and tangible things available to the public may not be designated as "Confidential".

3.    SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material (except indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of Confidential information); and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, including any appeal—except that the Equal Employment Opportunity Commission (EEOC) may use any information designated as

STIPULATED PROTECTIVE ORDER - 2
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

Confidential in furtherance of its law enforcement activities in any other matter in which the party designating such information as confidential has been named as a party, but it must treat such information as confidential until such time as the confidential treatment expires under this Order or is withdrawn either by agreement of the parties or by court order. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated as "CONFIDENTIAL – FOR ATTORNEY EYES ONLY";

(c) Charging Party and class members;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court, court personnel, and court reporters and their staff;

(f) copy or imaging services retained by counsel to assist in the duplication of Confidential material (including outside vendors hired to process electronically stored information and documents), provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

STIPULATED PROTECTIVE ORDER - 3
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i)     other persons, but only by written consent of the producing party or upon order of the Court and only under on such conditions as may be agreed upon or ordered.

4.3     Records marked "CONFIDENTIAL – FOR ATTORNEY EYES ONLY" shall only be disclosed to and reviewed by attorneys of record for the parties. Such documents and information shall not be disclosed to anyone else, including persons detailed in paragraph 4.2 above, except by written consent of the producing party or upon order of the Court and only under such conditions as may be agreed upon or ordered.

4.4     <u>Filing Confidential Material</u>. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

STIPULATED PROTECTIVE ORDER - 4
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

1   5.      DESIGNATING PROTECTED MATERIAL

2       5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party

3   or non-party that designates information or items for protection under this agreement must take

4   care to limit any such designation to specific material that qualifies under the appropriate

5   standards. The designating party must designate for protection only those parts of material,

6   documents, items, or oral or written communications that qualify, so that other portions of the

7   material, documents, items, or communications for which protection is not warranted are not swept

8   unjustifiably within the ambit of this agreement.

9       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

10  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

11  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

12  and burdens on other parties) expose the designating party to sanctions.

13      If it comes to a designating party's attention that information or items that it designated for

14  protection do not qualify for protection, the designating party must promptly notify all other parties

15  that it is withdrawing the mistaken designation.

16      5.2     Manner and Timing of Designations. Except as otherwise provided in this

17  agreement (see, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or

18  discovery material that qualifies for protection under this agreement must be clearly so designated

19  before or when the material is disclosed or produced.

20          (a)     Information in documentary form: (*e.g.*, paper or electronic documents and

21  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

22  the designating party must affix the word "CONFIDENTIAL" to each page that contains

23  Confidential material (including on any copies of the document) in a way that will not interfere

24  with the legibility of the document. If only a portion or portions of the material on a page qualifies

25  for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

26  making appropriate markings in the margins). Applying the "CONFIDENTIAL" marking to a

27

28

STIPULATED PROTECTIVE ORDER - 5
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 576-3000
Fax (206) 220-6911

document does not mean that the document has any status or protection by statute or otherwise, except to the extent of and for the purposes of this Order

    (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential.  If a party or non-party desires to protect Confidential information at trial, the parties shall follow the meet and confer process outlined in section 6.2 below, and if the parties are unable to come to an agreement during the meet and confer process, the issue should be addressed during the pre-trial conference.

    (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEY EYES ONLY" information, documents, or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

  6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding Confidential designations without court involvement. Any motion regarding Confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential until the court rules on the challenge.

Applications to the Court for an order relating to materials or documents designated Confidential shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER - 7
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

STIPULATED PROTECTIVE ORDER - 8
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

1    Notwithstanding this provision: (1) counsel are entitled to retain one archival copy of all

2    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

4    product, even if such materials contain Confidential material, and (2) this Protective Order does

5    not limit or override the EEOC's obligation to maintain copies of its files pursuant to and in

6    accordance with the Federal Records Act.

7    Unless otherwise agreed in writing or ordered, this Order shall remain in force after

8    dismissal or entry of final judgment not subject to further appeal. Any retained Confidential

9    information, documents, or tangible things shall continue to be protected under this Order. An

10    attorney may use his or her own work product in subsequent litigation, provided that its use does

11    not disclose or use Confidential information, documents, or tangible things.

12    Filings under seal on the Electronic Case Filing (ECF) system shall only be deleted upon

13    order of the Court.

14    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15

16    DATED this 30th day of August 2023

17    ROBERTA STEELE                          GWENDOLYN YOUNG REAMS
                                              Acting General Counsel
18    Regional Attorney

19    MARCIA MITCHELL                         CHRISTOPHER LAGE
                                              Deputy General Counsel
20    Assistant Regional Attorney

21    MAY CHE                                 EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION
      Senior Trial Attorney                   Office of the General Counsel
22                                            131 "M" Street NE, 5th Floor
23    MARIKO ASHLEY                           Washington, D.C. 20507
      Trial Attorney

24    BY: _s/ May Che_____

25    May Che
      Senior Trial Attorney
26    Seattle Field Office
      909 First Avenue, Suite 400
27    Seattle, WA  98104-1061

28
      STIPULATED PROTECTIVE ORDER - 9                    EQUAL EMPLOYMENT OPPORTUNITY
      (Case No. 2:22-cv-01378)                                          COMMISSION
                                                             909 FIRST AVE., SUITE 400
                                                            SEATTLE, WASHINGTON 98104
                                                              PHONE (206) 576-3000
                                                               FAX (206) 220-6911

1   (206) 576-3011
    may.che@eeoc.gov

2

3   Attorneys for Plaintiff EEOC

4   BY: s/ *Michael A. Griffin*
    Michael A. Griffin

5   Jackson Lewis P.C.
    520 Pike Street Suite 2300

6   Seattle, WA 98101
    (206) 405-0404

7   Michael.Griffin@jacksonlewis.com

8   Attorneys for Defendant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER - 10
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that, pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated:  September 19, 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge

STIPULATED PROTECTIVE ORDER - 11
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Equal Employment Opportunity Commission v. Red Robin International, Inc.*, No. 2:22-

cv-01378. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Name:

Job Title:

Employer:

Business Address:

Date: _____

City and State where sworn and signed: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 12
(Case No. 2:22-cv-01378)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 576-3000
FAX (206) 220-6911