THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>RED ROBIN INTERNATIONAL, INC.<br><br>Defendant. | CIVIL ACTION NO. 2:22-cv-01378-BJR<br><br>**CONSENT DECREE** |

**INTRODUCTION**

1. Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this lawsuit ("Action") on September 28, 2022, against Defendant Red Robin International, Inc. ("Defendant" or "Red Robin") (together, the "Parties"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The EEOC alleged that Defendant deprived a former employee ("Charging Party") and similarly aggrieved employees ("Claimants") of equal employment opportunities by (1) subjecting Charging Party and Claimants to unlawful harassment and a hostile work environment because of their sex (female); (2) unlawfully retaliating against Charging Party and Claimants for complaining or objecting to the harassment; and (3) constructively discharging Charging Party. EEOC further



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

alleged that Defendant violated the record keeping requirements of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14.

2. Defendant denies all of the EEOC's allegations.

3. The Parties want to conclude fully and finally all claims arising out of the EEOC's Complaint. The EEOC and Defendant enter into this Consent Decree ("Decree") to further the objectives of equal employment opportunity as set forth in the Civil Rights Acts of 1964 and 1991.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the Parties and the subject matter of this Action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the United States District Court for the Western District of Washington [ECF 1].

5. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

6. The Court shall dismiss this case with prejudice but retain jurisdiction over this Action for the duration of the Decree, for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

**SETTLEMENT SCOPE**

7. The provisions and agreements contained herein are effective immediately on the date that this Decree is entered by the Court ("Effective Date"). The duration of this Decree is to last three (3) years from the Effective Date ("Term of the Decree").

8. This Decree is intended to serve as, and is, the full, final, and complete resolution of any and all allegations or claims of unlawful employment practices that were contained in the EEOC's Complaint filed in this court, including any and all claims by the Parties for attorney fees and costs.

9. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to comply with the applicable terms of the Decree.



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

10. Nothing in this Decree shall be construed to limit or reduce Defendant's obligations to comply with Title VII or to constitute an admission by Defendant that a violation of Title VII occurred.

11. This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may exist or that may later arise against Defendant, in accordance with standard EEOC procedures.

12. This Decree is binding on and enforceable against Defendant Red Robin International, Inc., including all officers, managerial, and supervisory employees of the Subject Restaurants, and Defendant's successors and assigns during the Term of the Decree. The term "managerial employees of the Subject Restaurants" as used in this Decree includes all supervisors and managers responsible for the operations of the Subject Restaurants, including all Shift Supervisors, Associate Managers, Assistant Managers, Assistant General Managers, General Managers, Kitchen Managers, Lead Supervisors, Mid-Managers, Front of House Supervisors and Managers, Heart of House Supervisors and Managers, and Regional Operations Directors / Market Partners, and any future job titles or positions Defendant may create during the Term of the Decree with substantially similar duties and responsibilities.

13. With respect to promulgating policies and conducting training to address workplace sexual harassment, as set out in Paragraphs 24-45 below, this Decree only applies to Defendant's restaurants at the following locations in Washington State ("Subject Restaurants") and employees at the following locations, and only during the Term of the Decree:

a. Alderwood (#17), 18410 33rd Ave West, Lynnwood, WA, 98036;

b. Bothell (#540), 21215 Bothell-Everett Hwy, Bothell, WA, 98021;

c. Des Moines (#168), 22705 Marine View Dr., Des Moines, WA, 98198;

d. Everett (#44), 1305 S.E. Everett Mall Way, Everett WA, 98208;

e. Kent (#166), 25207 104th Ave SE, Kent, WA, 98031;

f. Monroe (#418), 14797 N. Kelsey St., Monroe, WA, 98272;

g. Redmond (#19), 2390 148th Ave NE, Redmond, WA, 98052;



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

h. Redmond Town Center (#134), 7597 170th Ave NE, Redmond, WA, 98052;

i. Renton (#539), 719 N. 10th Street, Renton, WA, 98055;

j. Silverdale (#164), 10455 Silverdale Way NW, Silverdale, WA, 98383;

k. Southcenter (#200), 17300 Southcenter Pkwy, Tukwila, WA, 98188; and

l. Woodinville (#133), 18029 Garden Way NE, Woodinville, WA, 98072.

14. During the Term of the Decree, Defendant shall provide prior written notice to any potential or actual purchaser of its business(es), or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, about the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree.

15. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing and approved by the Parties. Any substantive change, modification, or amendment of any provision of this Decree shall also require approval by the Court.

**MONETARY RELIEF**

16. Defendant shall pay the Charging Party and Claimants a gross amount of Six Hundred Thousand Dollars ($600,000.00) within thirty (30) calendar days of receipt by Defendant of an accounting from the Commission of the payments to be made to the Charging Party and to each Claimant or within thirty (30) calendar days of the Effective Date of this Decree, whichever is later. The gross amount shall be paid as follows:

a. One Thousand Seven Hundred and Ninety-Five and 00/100 Dollars ($1,795.00) shall be paid by separate check to Charging Party for lost wages, subject to standard tax withholdings. Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of any settlement amount(s).

b. The remaining Five Hundred Ninety-Eight Thousand Two Hundred Five and 00/100 Dollars ($598,205.00) shall be paid to Charging Party and Claimants as emotional



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

distress, pain, and suffering, in amounts determined by EEOC. The non-wage payments to Charging Party and Claimants shall not be reduced by any tax withholdings.

17. Within three (3) days of the Effective Date of this Decree, the Commission shall provide Defendant with an accounting of the specific amounts to be paid to Charging Party and each Claimant along with the address where each payment should be mailed and a signed IRS Form W-9 for the Charging Party and each Claimant.

18. Defendant shall issue an IRS form W-2 for the wage payment to Charging Party and an IRS form 1099-MISC for the non-wage payments designating the amount as "other income," and shall make such reports as necessary and appropriate under state and federal tax laws.

19. Within thirty (30) calendar days of receiving the accounting of payments to be made to the Charging Party and each Claimant from the Commission or within thirty (30) calendar days of the Effective Date of this Decree, whichever is later, Defendant's counsel shall transmit copies of the checks, together with an accounting of the employee deductions and employer contributions for wage payments to the Charging Party, and tracking information for the delivery of the checks to: *EEOC-SEFO_COMPLIANCE@eeoc.gov* and *SEFO_RedRobin1@eeoc.gov*.

20. Defendant will not condition the receipt of monetary relief on the Charging Party's or any Claimant's agreement to (a) maintain as confidential the facts and/or allegations underlying their claim and the Complaint and the terms of this Decree; (b) waive their statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; or (d) a non-disparagement and/or confidentiality agreement.

21. **EEOC's reporting requirements under IRC Sections 162(f) and 6050X.** The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS). The EEOC has made no representations regarding whether the amount paid pursuant to this



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code. Defendant's EIN is 91-0847486. The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is Michael Griffin, Jackson Lewis P.C., 520 Pike Street, Suite 2300, Seattle, WA 98101.

**INJUNCTIVE AND OTHER RELIEF**

**A. <u>GENERAL PROVISIONS</u>**

22. Defendant, its officers, directors, managers, supervisors, successors, assigns, and managerial human resource professionals are enjoined from engaging in harassment based on any employee's sex or subjecting employees to a sexually hostile work environment as prohibited by Title VII.

23. Defendant, its officers, directors, managers, supervisors, successors, assigns, and managerial human resource professionals are further enjoined from retaliating against any employee based on their opposition to practices harassment or discrimination based on sex or retaliation or because they have participated in any investigation, proceeding, or hearing in connection with any allegations of discrimination based on sex or retaliation as prohibited by Title VII.

**B. <u>INDEPENDENT SUBJECT MATTER EXPERT</u>**

24. Within sixty (60) days of the Effective Date of this Decree, Defendant shall retain a third-party Subject Matter Expert ("SME") with expertise and experience in employment discrimination, including sex harassment and retaliation under Title VII of the Civil Rights Act and related employment policies, practices, and workplace investigations to fulfill the duties in Paragraph 26. Defendant acknowledges the SME must be retained for the Term of the Decree, but



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

may be changed from time-to-time by Defendant as provided in Paragraph 29. Defendant shall bear all costs of retaining the SME to perform the duties required by this Decree.

25. Within five (5) days of the Effective Date, Defendant shall provide materials related to the SME's experience and expertise, particularly as they relate to and are consistent with advancing the purpose and requirements of the Decree, to the EEOC for review and comment. Within seven (7) days of receipt, the EEOC will advise Defendant of any comments.

26. Defendant will ensure that the SME performs the following duties over the Term of the Decree regarding the Subject Restaurants:

a. Assist with the review and revision, if any, of policies and procedures that prohibit discrimination, including sexual harassment, and retaliation as described in Paragraphs 30-35.

b. Assist with the review, revision, if any, and implementation of record-keeping policies and procedures regarding complaints of discrimination, their investigation and related disciplinary actions, and training about workplace sexual harassment and retaliation as described in Paragraph 37.

c. Assist with the review and revision, if any, of policies and procedures that address supervisor accountability as described in Paragraph 36.

d. Provide training on workplace sexual harassment, retaliation, and the investigation of workplace sexual harassment as described in Paragraphs 38-50.

e. Upon request from Defendant's human resources personnel, be available to assist with Defendant's investigations of workplace sexual harassment and/or retaliation complaints and assist in determining appropriate and proportional remedial actions, if any, upon conclusion of the investigations.

f. Use best efforts to review every completed investigation(s) of sex discrimination, sexual harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment at the Subject Restaurants and provide feedback to the human resources personnel responsible for the investigation, and similar matters.



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

27. Defendant shall notify the SME when it begins a formal investigation pursuant to paragraph 31 and 31(c), below of any complaints of sex discrimination, sexual harassment and/or retaliation for opposing or reporting sex discrimination or sexual harassment and shall ensure that the SME has access to all records, documents, data, and other sources of information, including the ability to interview Defendant's personnel, which the SME deems necessary or appropriate to perform the duties required by the Decree.

28. Defendant shall notify all employees at the Subject Restaurants that it has retained the SME for the Term of the Decree and explain that the SME is a third-party who may assist human resources in investigating claims of sex discrimination, sexual harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment.

29. If at any point during the Decree, the SME is no longer able to perform the aforementioned duties, Defendant shall identify its proposed replacement SME and submit materials related to the replacement SME's experience and expertise to the EEOC within thirty (30) days of determining that the SME can no longer perform its duties. The EEOC will advise the Defendant of any comments about the proposed SME within fifteen (15) days of identification.

## C. ANTI-DISCRIMINATION POLICIES AND PROCEDURES

30. With respect to the Subject Restaurants and within one hundred twenty (120) days from the Effective Date of this Decree and for the Term of the Decree, Defendant shall review and revise, as necessary, and maintain anti-discrimination policies and procedures that prohibit discrimination, including sexual harassment and retaliation, and explain to employees their rights and responsibilities under the EEO laws which will be subject to periodic updating to reflect changes in anti-discrimination laws. The policies must state that they are promulgated at the direction of, and with the approval of, senior management. These policies and procedures shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fifteen (15) days of receipt, the EEOC will advise Defendant of any comments. The policies against discrimination and harassment shall include, at a minimum, the following provisions:



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

a. A strong and clear commitment to a workplace free of sexual harassment and retaliation with statements prohibiting sex discrimination, sexual harassment, and retaliation.

b. A clear and comprehensive explanation of prohibited conduct, including definitions of discrimination, sexual harassment (both *quid pro quo* and hostile work environment), and retaliation, and with examples that are specific to the food service/restaurant industry, and a description of unacceptable behavior that may not be legally actionable discrimination, harassment, hostile work environment, or retaliation but that violates company policy.

c. A statement that employees have the right to be free from harassing behavior while at work, including inappropriate behavior from coworkers, supervisors, managers, and customers.

d. A clear assurance that employees who make complaints or provide information related to complaints, witnesses, and others who participate in the investigation will be protected against retaliation.

e. A statement encouraging employees to come forward if they believe they have been harassed or retaliated against for complaining about discrimination or harassment.

f. A requirement that all managerial employees of the Subject Restaurants promptly report all verbal and written complaints of prohibited sexual harassment they receive and/or witness to the corporate office's Human Resources department and the SME for investigation.

g. A description of the possible consequences up to and including termination that will be imposed for violation of the policy against sexual harassment and retaliation.

h. A statement that Defendant's discrimination, sexual harassment, and retaliation policies apply to all persons, including officers, directors, management officials, supervisors, employees, vendors, suppliers, third parties, and customers.

i. Assurance that Defendant's disciplinary policies hold all employees, including, officers, directors, management officials, supervisors, and human resources personnel



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

accountable for engaging in conduct prohibited by its policies and procedures or failing to take appropriate action required by this Decree.

31. With respect to the Subject Restaurants, Defendant's anti-discrimination, anti-harassment, and anti-retaliation policies shall also include an investigation procedure to ensure prompt, fair, and competent investigations of complaints of sex discrimination, sexual harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment. The procedures shall, at a minimum, include the following regarding investigations:

a. A clearly described complaint process that provides accessible and confidential avenues of complaint with the contact information, including name, address, and telephone number of persons at Defendant (e.g., Company Ethics Helpline, Corporate Human Resources Department) to whom employees can report discrimination, sexual harassment, or retaliation.

b. A statement that employees at the Subject Restaurants may take their complaints directly to the EEOC listing the EEOC's website, telephone number, and email address.

c. A requirement that Defendant will use best efforts to ensure that all verbal and written reports and complaints of prohibited sexual harassment at the Subject Restaurants will be formally investigated by a Human Resources Professional from Defendant's Corporate Human Resources Department who has undergone the training referenced in Paragraphs 46-50 of this Decree.

d. A statement that Red Robin employees are permitted to make complaints directly to Defendant's Corporate Office Human Resources Department, and the Company Ethics Helpline.

e. A requirement for all verbal and written complaints of prohibited sexual harassment at the Subject Restaurants that would violate company policy be investigated whether or not the complainant asks Defendant not to conduct the investigation.

f. A mandate that the investigation will begin no later than ten (10) days after receipt of a complaint and will be completed within thirty (30) days, absent extenuating



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

circumstances.

g. A statement of commitment that, to the maximum extent feasible, confidentiality for the person bringing complaints about sex discrimination, sexual harassment, or retaliation for opposing or reporting sex discrimination or sexual harassment will be maintained.

h. A requirement that the investigative findings and corrective action(s) at the Subject Restaurants be memorialized in a written report including, at a minimum, the allegations of the complaint, the identities of all named witnesses, all persons interviewed, witness statements, a review of all documents and evidence which might shed light on the allegations, all steps taken to investigate the complaint of discrimination, harassment, and/or retaliation, an explanation of investigative findings, and a description of corrective action taken, if any.

i. A requirement that Defendant will take immediate and proportionate corrective action at the Subject Restaurants when it determines that sex discrimination, sexual harassment, and/or retaliation for opposing or reporting sexual harassment has occurred and will respond appropriately to behavior at the Subject Restaurants which violates company policy.

j. A requirement that the determination of appropriate and proportionate corrective actions will be made in consultation with human resources and that managerial employees of the Subject Restaurants cannot override the proposed corrective action without express, written permission from both their Regional Operations Director and the relevant human resources professional.

k. A requirement that a summary of the findings, involving complaints at the Subject Restaurants, including whether remedial action was taken, will be communicated to the complainant within ten (10) days after the conclusion of the investigation, absent extenuating circumstances.

32. The anti-discrimination, anti-harassment, and anti-retaliation policies and complaint procedures described in Paragraphs 30-31 above shall be written in clear simple words in English and in Spanish.

33. Within one hundred twenty (120) days from the Effective Date of this Decree,



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

Defendant will distribute a copy of its anti-discrimination, anti-harassment, and anti-retaliation policies and complaint procedures, in electronic form to all employees at the Subject Restaurants via email, and will make the policies readily accessible electronically for all employees at each Restaurant and through Defendant's Workday platform for review. These policies will also be distributed electronically within ten (10) days to each employee hired or re-hired at the Subject Restaurants during the Term of the Decree.

34. Subsequent to the initial EEO policy review process described in Paragraphs 30-31, above, if Defendant proposes any material modifications to its written EEO policies and complaint procedures at the Subject Restaurants during the Term of the Decree, then Defendant shall submit such proposed material modifications to the EEOC for its review and consideration no later than thirty (30) days before adoption. The EEOC will notify Defendant within fifteen (15) days of receipt of the proposed modifications if it has any comments about the proposed modifications.

35. For purposes of this Section, "material modifications" shall refer to any modifications to the substantive provisions referenced in Paragraphs 30-31 above.

**D. <u>SUPERVISOR ACCOUNTABILITY</u>**

36. With respect to the Subject Restaurants and within one hundred twenty (120) days of the Effective Date and for the Term of the Decree, Defendant, in consultation with the SME, shall review and revise its policies and practices to ensure that (a) managerial employees of the Subject Restaurants are held accountable for their compliance with Defendant's EEO policies and the achievement of a discrimination-free and harassment-free workplace and (b) managerial employees of the Subject Restaurants are evaluated on whether they are complying with Defendant's policies prohibiting sex discrimination, sexual harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment. The policies at the Subject Restaurants must state that they are promulgated at the direction of, and with the approval of, senior management and include:

a. A statement that managerial employees of the Subject Restaurants who



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

violate Defendant's anti-discrimination, anti-harassment, anti-retaliation, or record-keeping policies shall receive appropriate discipline up to and including termination, as determined by Defendant in consultation with the SME.

b. A statement that managerial employees of the Subject Restaurants are required to actively monitor their restaurants to ensure compliance with Defendant's anti-discrimination, anti-harassment, and anti-retaliation policies, and to report any incidents or complaints or discrimination, harassment, or retaliation they observe or become aware of.

c. A statement that Defendant shall review and discuss with all managerial employees of the Subject Restaurant(s) any instances of which Defendant is aware where an employee claims that their complaint was not forwarded to human resources.

## E. RECORD-KEEPING POLICIES AND PROCEDURES

37. With respect to the Subject Restaurants and within one hundred twenty (120) days of the Effective Date and for the entire Term of the Decree, Defendant, in consultation with the SME, shall review and revise, as necessary, its policies and practices regarding the making and preservation of records relating to complaints of sex discrimination, sexual harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment at the Subject Restaurants. The policies at the Subject Restaurants must state that they are promulgated at the direction of, and with the approval of, senior management. The policies shall be provided to the EEOC for review and comment no later than thirty (30) days prior to implementation. Within fifteen (15) days of receipt, the EEOC will advise Defendant of any comments. The policies shall include, at a minimum, the following provisions:

a. A statement that, using best efforts, all supervisors, managers, directors, human resources personnel, and any other persons responsible for receiving and addressing employee EEO complaints document in writing any verbal or written complaints of prohibited discrimination, harassment, or retaliation and any incidents of discrimination, harassment, or retaliation which they observe or become aware of.

b. A statement that all Red Robin employees are not to alter, delete, or destroy



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

electronic or hard copy personnel records, including: (a) all disciplinary records, including written approval from senior management at the level of Regional Operations Director or above (or, similarly titled positions) to override a proposed corrective action for violating Red Robin's anti-discrimination, anti-harassment, or anti-retaliation policies; (b) all complaints of sex discrimination, sexual harassment, or retaliation for opposing or reporting sex discrimination or sexual harassment; (c) all investigative records relating to allegations of discrimination, harassment, or retaliation, including investigative reports, notes, and findings, witness statements, photographs, emails, text messages, or entries in Captain's Logs; and (d) time, attendance, and pay records for at least three (3) years, unless a charge or complaint is filed, in which case the pertinent records must be maintained for at least two (2) years after the charge or complaint is filed, whichever is later.

## F. <u>TRAINING FOR MANAGERS AND SUPERVISORS</u>

38. Not later than one hundred fifty (150) days after the Effective Date of this Decree, and annually thereafter during the Term of the Decree, Defendant shall provide specialized, live and interactive training on an annual basis for managerial employees of the Subject Restaurants and human resources professionals responsible for administering Defendant's EEO policies. "Live" shall mean in-person, remote, virtual, or some combination of remote and in-person. This training shall be designed, administered, and conducted by the SME in the first and second years of the Decree and may be conducted by an internal Consent Decree Trainer in the third year of the Decree as provided in paragraph 40. These annual EEO trainings shall be no less than two (2) hours in length and shall include, at a minimum:

a. Respectful workplace training, designed to educate employees about the conduct that is unacceptable in the workplace, including behavior that violates company policy.

b. Instruction on how to recognize sex discrimination and sexual harassment.

c. Instruction on Defendant's internal complaint procedures, including, but not limited to:

i. who employees may report to when experiencing or witnessing



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

sexual harassment, sex discrimination, or retaliation for opposing or reporting sex discrimination or sexual harassment;

ii. how to notify Defendant's Corporate Human Resources Department, Employee Relations Advisors, and the SME of any reports of sexual harassment or other inappropriate conduct;

iii. how the formal complaint and investigation process will proceed;

iv. the confidential nature of the reporting and investigation process;

v. protections against retaliation for using the reporting system; and

vi. the timelines for expected communications from the investigator.

d. A component of "bystander intervention training," including instruction that will emphasize that an employee who observes sex discrimination, sexual harassment, hostile work environment, or retaliation for opposing or reporting sex discrimination or sexual harassment should report it to management, human resources, and/or the SME.

e. Instruction on employee's rights and employer's responsibilities under Title VII, including Title VII's prohibition against sexual/sex-based discrimination, harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment, and Red Robin's policies and procedures for opposing or reporting and handling complaints of sexual/sex-based discrimination, harassment, or retaliation for opposing or reporting sex discrimination or sexual harassment.

f. Directors/managers/supervisors' responsibilities under Red Robin's policies, including what conduct is inappropriate and required to be immediately escalated under Red Robin's policy and Title VII.

g. Instruction and scenarios related to sexual harassment in the restaurants and discussion regarding how such incidents will be addressed and the consequences for employees who have engaged in such behavior.

39. Defendant shall provide this training to all employees hired or promoted into a role as a managerial employee of a Subject Restaurant or human resource professional responsible for



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

administering Defendant's EEO policies, consistent with those employees who must be trained as required by Paragraph 38, within thirty (30) days of assuming that position during the Term of the Consent Decree. Defendant shall provide this training to all employees who missed the annual training within thirty (30) days of the missed session or within thirty (30) days of an employee's return from a leave of absence during the Term of the Consent Decree. Employees required to receive online, interactive training shall be provided an opportunity to submit questions to, and to receive answers from, human resources personnel or the SME regarding the materials covered during the live training.

40. The SME will conduct training in years 1 and 2 of the Consent Decree. An internal "Consent Decree Trainer" may conduct the training in year 3 of the Consent Decree provided that: (1) the Consent Decree Trainer attended the training in year 1 or 2 by the SME; and (2) the Consent Decree Trainer is a human resources or legal professional with expertise and experience in employment discrimination, including sex harassment and retaliation under Title VII of the Civil Rights Act and related employment policies, practices, and workplace investigations.

41. Defendant shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 38-40 and shall specify the names and job titles of the individuals who participated in and completed the training, and the dates the training was completed by each individual. Defendant shall also specify the names and job titles of any individuals who were unable to complete the training and the anticipated date(s) for completion of the training requirement for all of those individuals. This information shall be provided as part of the reports Defendant submits to the EEOC.

## G. EQUAL EMPLOYMENT OPPORTUNITY TRAINING FOR NON-SUPERVISORY EMPLOYEES

42. Not later than one hundred fifty (150) days after the Effective Date of this Decree, and annually thereafter for the length of the Decree, Defendant shall conduct a sexual harassment training program for all non-supervisory employees at the Subject Restaurants. This training shall be administered and conducted by the SME identified in Paragraph 24 and shall be no less than



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

one (1) hour in length.

43. The training shall be interactive instruction and can be conducted either in-person or through an online communication tool or platform. Attendees must have the ability to ask questions and receive responses. Training content shall focus on sexual harassment accountability and power dynamics in the workplace with an emphasis on workplace culture, dignity, and respect for all employees. The training shall include, at a minimum, an overview of Title VII with special emphasis on Red Robin's EEO policies prohibiting sex discrimination, sexual harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment, including conduct that may not be legally actionable; the consequences for employees who have engaged in such behavior; Red Robin's complaint and investigation procedures; bystander intervention techniques when employees witness discrimination, harassment, or retaliation occurring; that retaliation against an employee or applicant who reports harassment or discrimination is prohibited; and contact information for EEOC as a resource for inquiries and to report discrimination, harassment, and retaliation.

44. Defendant shall provide either in person or through an online–interactive module EEO training to new hires within thirty (30) days of the employee's hire date. Employees required to receive online, interactive training shall be provided an opportunity to submit questions to, and to receive answers from, human resources personnel or the SME regarding the materials covered during the live training.

45. Defendant shall notify the EEOC of the completion of the annual training sessions described in Paragraphs 42-44, and shall specify the names and job titles of the individuals who participated in and completed the training, and the dates the training was completed by each individual. Defendant shall also specify the names and job titles of any individuals who were unable to complete the training and the anticipated dates for completion of the training requirement. This information shall be provided as part of the reports Defendant submits to the EEOC.



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

**H. TRAINING FOR EMPLOYEES RESPONSIBLE FOR INVESTIGATIONS**

46. Not later than one hundred fifty (150) days after the Effective Date of this Decree, Defendant will conduct interactive annual training regarding workplace investigations of complaints about sex discrimination, sexual harassment, and retaliation for opposing or reporting sex discrimination or sexual harassment for all employees responsible for investigating complaints at the Subject Restaurants during the Term of the Decree. This training will be conducted either in-person or through a videoconferencing application. The training will be three (3) hours and may be conducted in segments, and will include instruction regarding:

a. Defendant's policies and internal complaint procedures including but not limited to:

i. who employees may report to when experiencing or witnessing sexual harassment, sex discrimination, or retaliation for opposing or reporting sex discrimination or sexual harassment;

ii. confirmation that Defendant will take all reports seriously, and investigate them in a timely fashion;

iii. guidelines for the nature of the investigation process, including the steps the investigation process will take;

iv. protections against retaliation for using the reporting system;

v. the timelines for expected communications from the investigator;

vi. the legal framework for harassment and discrimination claims under Title VII;

vii. best practices and appropriate fact-finding tools and techniques;

viii. best practices and tools and techniques for conducting investigative interviews;

ix. how to assess credibility;

x. how to deal with difficult witnesses and subject matter;

xi. working with vulnerable parties and traumatic subjects; and



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

xii. report writing and records retention, including the proper techniques for gathering and retaining electronically stored information.

47. During the Term of the Decree, and at the Subject Restaurants, Defendant shall provide either in person or through an online–interactive module investigator training to all employees hired or promoted into the positions within thirty (30) days of the employee's hire or promotion. Employees required to receive online, interactive training shall be provided the opportunity to submit questions to, and to receive answers from, human resources personnel or the SME regarding the materials covered during the live training.

48. At least thirty (30) days prior to the initial training required in Paragraph 46 of this Decree, Defendant shall submit to the EEOC a description of the training and the curriculum and materials developed for the trainees. EEOC may provide comments within fifteen (15) days regarding any proposed revisions to the trainings.

49. For all subsequent training sessions, Defendant shall provide the EEOC with copies of all training materials (if materially changed in any way) no later than thirty (30) days prior to use. The EEOC will advise Defendant of comments to proposed training materials within fifteen (15) days.

50. For purposes of this Section, the term "materially" shall refer to any modifications that change the substantive provisions referenced in Paragraph 46 of this Section.

## I. NON-DISCLOSURE OF INFORMATION

51. Defendant shall make reasonable, good-faith efforts to ensure that no charge, allegation of discrimination, or reference to this lawsuit against Defendant is included in the personnel records of the Charging Party or the Claimants who are recovering settlement monies as provided in this Decree. Defendant may retain this information, if any, in a file separate and apart from the official personnel records. Defendant shall not disclose any information or refer to any charge of discrimination or this lawsuit in responding to requests for information about the Charging Party or any of the Claimants. When fielding inquiries about the Charging Party or any Claimant who is recovering settlement monies as provided in this Decree, Defendant shall provide



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

the dates of employment and positions held consistent with its usual practice.

**J. <u>POSTING</u>**

52. Within five (5) days after the Effective Date, Defendant shall post the Notice (in the form attached as Exhibit A) in a conspicuous location at the Subject Restaurants. The Notice shall remain posted at the Subject Restaurants during the Term of the Decree.

**K. <u>REPORTING</u>**

53. With respect to the Subject Restaurants, Defendant shall submit reports to the EEOC during the Term of the Decree. The reporting period will run from the Effective Date of this Decree. The reports shall be in writing and submitted annually during the reporting period to: *EEOC-SEFO_COMPLIANCE@eeoc.gov* and *SEFO_RedRobin1@eeoc.gov.* Defendant's first report shall be due twelve months after the Effective Date of this Decree. These reports shall contain the following information and attachments with respect to the Subject Restaurants:

a. Certification that Defendant has:

i. Continued to maintain the written policy and procedures and distributed copies of the policies as described in Paragraphs 30-35;

ii. Complied with the Notice Posting requirement in Paragraph 52;

iii. Complied with the training provisions enumerated in this Decree, as provided in Paragraphs 38-50, and provided to EEOC a list of all attendees, with job titles, and dates for each training completed; and

iv. Complied with all other provisions of this Decree.

b. Copies of the following documents shall be included with each report:

i. The current version of Defendant's EEO policies (including anti-discrimination, anti-harassment, retaliation, supervisor accountability, and recordkeeping policies) and a list of changes, if any.

ii. A summary report of each internal verbal or written complaint of prohibited sex discrimination, sexual harassment, or retaliation for



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

opposing or reporting sex discrimination or sexual harassment made by employees or applicants, including:

1. Identification of all individuals involved, including their titles and work locations and unique ID number;
2. The particulars of the complaint; and
3. Investigation findings and any corrective action taken.

iii. Name(s) and title of individual(s) who received, investigated and or otherwise addressed and or took action based on the complaint. Upon written request from the EEOC, Defendant shall within fourteen (14) days provide the copies of the documentation, including investigative records concerning fact gathering and remedial actions, for any complaints and investigations described in the report, and contact information for the complainants (including home address, home and cell phone numbers, and personal email addresses).

54. Defendant shall provide the information mandated in Paragraph 53 in one of the following searchable formats: Excel, Access, or ASCII delimited ("csv"). Regardless of the format, the first row shall consist of the field (or variable) names or unique numerical identifier. There must be one column for each field (variable) requested. First and last names (or unique numerical identifier) must be provided as a separate field (variables).

55. During the pendency of this Decree, Defendant shall reasonably cooperate with reasonable audits requested by EEOC to determine compliance with this Decree at the Subject Restaurants. EEOC shall provide notice to Defendant of audit subject matter no later than twenty-one (21) business days in advance but, at a minimum, the audit shall include whether Defendant has received any complaints about sex discrimination, sexual harassment, or retaliation for opposing or reporting sex discrimination or sexual harassment. Any requested audit will be conducted at a mutually agreeable time and place.



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

**ENFORCEMENT**

56. If the EEOC determines that Defendant has not complied with the terms of this Decree, the EEOC shall provide written notification of the alleged breach to Defendant summarizing the basis for the EEOC's determination. The EEOC shall not petition the Court for enforcement of this Decree for at least thirty (30) days after providing written notification of the alleged breach. The EEOC and Defendant shall utilize the 30-day period to engage in good-faith efforts to resolve the dispute. Within its discretion, the EEOC may grant reasonable extensions of the 30-day period.

**RETENTION OF JURISDICTION**

57. The United States Court for the Western District of Washington shall dismiss this case with prejudice but retain jurisdiction over this matter for the Term of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

**DURATION AND TERMINATION**

58. This Decree shall be in effect for three (3) years after the Effective Date and will expire on its own terms unless the EEOC petitions the Court for breach of the Decree.

59. If the EEOC petitions the Court for breach of this Decree, and the Court finds Defendant to be in violation of its terms, the Court may extend the duration of this Decree.

/ / /

/ / /

/ / /



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

## LIST OF EXHIBITS

The following exhibits are included by reference in this Consent Decree:

Exhibit A: Notice to be Posted at Subject Restaurant

DATED this 4th day of April, 2024.

ROBERTA STEELE
Regional Attorney

MARCIA L. MITCHELL
Assistant Regional Trial Attorney

MAY CHE
Senior Trial Attorney

MARIKO ASHLEY
Trial Attorney

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of the General Counsel
131 "M" Street NE, 5th Floor
Washington, D.C. 20507

BY: *\/s/ Roberta L. Steele*
Roberta L. Steele
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
San Francisco, CA 94102
Telephone (650) 684-0939
roberta.steele@eeoc.gov

*Attorneys for Plaintiff EEOC*

BY: */s/ Michael A. Griffin*
Michael A. Griffin
JACKSON LEWIS P.C.
520 Pike Street Suite 2300
Seattle, WA 98101
(206) 405-0404
Michael.Griffin@jacksonlewis.com

*Attorneys for Defendant Red Robin International, Inc.*